UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIELLE BOND,
*ex rel.* K.M.,

      Plaintiff,

      v.                                   No. 23-cv-367-ZMF

FRIENDSHIP PUBLIC CHARTER
SCHOOL BOARD OF TRUSTEES, *et al.*,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, K.M.'s mother, seeks reasonable attorneys' fees and costs after a successful administrative proceeding against Friendship Public Charter School and its Board of Trustees under the Individuals with Disabilities Education Act ("IDEA"). S*ee* Pl.'s Mot. Att'ys' Fees & Costs ("Pl.'s Mot.") 1, ECF No. 11; 20 U.S.C. § 1415(i)(3)(B)(i). In response, Defendants (collectively, "FPCS") cross-move for summary judgment, disputing the reasonableness of the award sought. *See* Defs.' Opp. Pl.'s Mot. & Cross-Mot. Summ. J. ("Defs.' Mot.") 1, ECF No. 12. The Court concludes that only some of Plaintiff's requested fees are reasonable. Therefore, the Court grants Plaintiff's motion for attorneys' fees in part and denies it in part, and grants FPCS's cross-motion for summary judgment in part and denies it in part.

## I.     BACKGROUND

Plaintiff is the parent of K.M., a student with a disability. *See* Defs.' Mot., Ex. 16 to Ex. 1, Interim Hearing Officer Determination ("Interim Determination") 800,[1] ECF No. 12-3. On March 2, 2022, Plaintiff filed a due process complaint against FPCS before the District of Columbia Office of the State Superintendent. *See* Interim Determination at 783. Plaintiff sought relief for FPCS's alleged failure to timely determine K.M. eligible for special education and provide Individual Education Programs ("IEPs") from 2016 to 2021. *See id.*

On July 26, 27, and 28, 2022, Plaintiff participated in a due process hearing before an administrative hearing officer. *See id.* at 899–900. On August 2, 2022, the hearing officer issued an interim determination concluding that FPCS had denied K.M. a free appropriate public education ("FAPE") by not evaluating him for special education eligibility in the 2017-2018 school year and by not developing and implementing appropriate IEPs in the subsequent three school years. *See* Interim Determination 799–801. On September 7, 2022, the hearing officer ordered FPCS to provide 675 hours of compensatory education services to K.M. *See* Defs.' Mot., Ex. 26 to Ex. 1, Hearing Officer Determination - Final ("Final Determination") 906, ECF No. 12-3.

## II.     LEGAL STANDARD

### A.     IDEA Attorney's Fees and Costs

Under the IDEA, a "court, in its discretion, may award reasonable attorneys' fees as part of the costs" to a prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i). Courts follow a two-step inquiry to evaluate a petition for attorney's fees and costs. *See Robinson v. District of Columbia*, 61 F. Supp. 3d 54, 58 (D.D.C. 2014). First, the court must determine whether the party seeking the fees

---

[1] This opinion cites to the page numbers that are automatically paginated by the ECF system when referring to any exhibit attached to either Plaintiff's or Defendants' motions (ECF Nos. 11 and 12) to avoid any confusion from the nested exhibits therein.

is the "prevailing party." *Id.* Second, the court must determine what fees are "reasonable" in terms of the hours worked and the rate charged. *See id*. at 59. The party seeking fees "bears the burden of establishing entitlement to an award, documenting the appropriate hours, and justifying the reasonableness of the rates." *Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995). If the plaintiff meets this burden, the non-moving party must rebut the moving party's showing with "equally specific countervailing evidence." *Id.* at 1109. Attorney's fees are reasonable when calculated by multiplying "the number of hours reasonably expended in litigation" by a "reasonable hourly rate." *U.F. v. District of Columbia*, No. 19-cv-2164, 2020 WL 4673418, at *3 (D.D.C. Aug. 12, 2020) (quoting *Reed v. District of Columbia*, 843 F.3d 517, 520 (D.C. Cir. 2016)).

      B.    <u>IDEA Expert Fees</u>

While the IDEA does not entitle prevailing parties to recover expert fees, District of Columbia law does. *See* D.C. Code § 38-2571.03(7); *J.T. v. District of Columbia*, Nos. 19-cv-989 & 22-cv-91, 2023 WL 2716687, at *2 (D.D.C. Feb. 7, 2023). The expert fees must be "reasonable" and "based on rates prevailing in the community." D.C. Code § 38-2571.03(7)(B).

**III.    DISCUSSION**

As a threshold matter, FPCS does not contest that Plaintiff is the prevailing party. *See* Mem. Supp. Defs.' Mot. 4–22, ECF No. 12-1. The issue becomes what fee award is reasonable.

      A.    <u>Whether Plaintiff's Proposed Fee Award is Reasonable</u>

          1.    *Requested Hours*

In determining whether the number of hours for which a prevailing party seeks compensation is reasonable, the court may "consider other cases as a guide," "reduce or eliminate excessive, redundant, or otherwise unnecessary billing entries," including "vague time entries,"

and "delete entries that represent preliminary, administrative matters." *Salmeron v. District of Columbia*, 195 F. Supp. 3d 153, 171 (D.D.C. 2016) (internal quotation marks omitted). The requested hours may also be unreasonable if Plaintiff unnecessarily protracted the litigation. *See* 20 U.S.C. § 1415(i)(3)(F)(i).

a.    Vague, Excessive, and Duplicative Time Entries

Attorney's time entries must provide the court with a "basis to determine with a high degree of certainty that the hours billed were reasonable." *In re Donovan*, 877 F.2d 982, 995 (D.C. Cir. 1989). Time entries should "adequately identify the participants, purpose, or content of an activity." *Dickens v. Friendship-Edison P.C.S.*, 724 F. Supp. 2d 113, 124 (D.D.C. 2010). "[I]nadequately detailed" time entries warrant an overall deduction from the fee award. *See Michigan v. EPA*, 254 F.3d 1087, 1095 (D.C. Cir. 2001) (applying a 10% reduction to overall award based on time entries that describe meetings and conferences but are "devoid of any descriptive rationale for their occurrence"); *Dickens*, 724 F. Supp. 2d at 124–25 (applying a 10% reduction to overall award based on vague time entries such as "Conference with parent" and "Telephone call to DCPS staff"); *Clark v. District of Columbia*, 674 F. Supp. 2d 149, 158–59 (D.D.C. 2009) (applying a 25% reduction to overall award based on vague time entries such as "preparation for hearing" and "preparation for school visit"); *Coleman v. District of Columbia*, No. 3-cv-126, 2007 WL 1307834, at *7 (D.D.C. May 3, 2007) (reducing vague time entries such as "Conference with co-counsel and review of exhibits" by 50%).

"A review of the billings finds that there are indeed numerous deficient entries." *Michigan v. EPA*, 254 F.3d at 1093; *see* Pl.'s Mot, Ex. 4 ("Time Entries") 6–8, 14, 19, ECF No. 11-6. Examples of Plaintiff's attorneys' time entries for which reasonableness cannot be determined based on the information provided include:

4

| Date | Hours | Rate | Description |
|------|-------|------|-------------|
| *Stephenson Harvey* | | | |
| 7/20/22 | 1.5 | $656.00 | Review Cook expert report and law. |
| 7/19/22 | 4 | $656.00 | Review law to prepare for hearing. |
| 7/18/22 | 3.5 | $656.00 | Research and review law. |
| 6/26/22 | 0.8 | $656.00 | Review IDEA and case law. |
| 6/6/22 | 0.3 | $656.00 | Email to opposing counsel. |
| 4/21/22 | 0.5 | $656.00 | Review student records. |
| *Keith Howard* | | | |
| 8/17/22 | 0.2 | $675.00 | Email exchange with opposing counsel |
| 7/26/22 | 1.5 | $675.00 | Prepared Petitioner for hearing |
| 7/24/22 | 1.1 | $675.00 | Meeting with Ms. Bond to prepare for hearing |
| 7/22/22 | 1 | $675.00 | Prepared Petitioner for due process hearing |

Time Entries at 6–8, 14, 19. "By this Court's reckoning roughly 10% of the entries in the invoices are inadequately described." *Dickens*, 724 F. Supp. 2d at 125 n.12; *see* Time Entries at 6–8, 14, 19. "The presence of such entries, 'devoid of any descriptive rationale for their occurrence,' make reasonable a reduction of 10% from the overall award, which will be imposed after other deductions are made." *Dickens*, 724 F. Supp. 2d at 124–25 (quoting *Michigan v. EPA*, 254 F.3d at 1095).

"Hours that are not reasonably expended must [also] be excluded from a fee calculation." *Lopez v. District of Columbia*, 383 F. Supp. 2d 18, 24 (D.D.C. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Hours expended may be 'unreasonable' if they are excessive for the type of task performed, [] reflect redundant or overstaffed efforts, or [] are 'otherwise unnecessary.'" *Wilhite v. District of Columbia*, 110 F. Supp. 3d 77, 88 (D.D.C. 2015) (quoting *Hensley*, 461 U.S. at 434). Plaintiff "bears the burden of demonstrating that the number of hours spent on a particular task is reasonable." *Alfonso v. District of Columbia*, 464 F. Supp. 2d

1, 3 (D.D.C. 2006) (citing *Holbrook v. District of Columbia*, 305 F. Supp. 2d 41, 45 (D.D.C. 2004)).

The time Plaintiff spent drafting the thirty-page due process complaint—28.9 hours—was excessive. *See* Time Entries at 9–10 (15.7 hours), 29 (5.8 hours), 31–32 (7.4 hours). This is especially true given that plaintiff's counsel copied many portions of the complaint directly from K.M.'s educational record. *See* Administrative Due Process Complaint 12–22, 31–36, Ex. 1 to Ex. 1, ECF No. 12-3. In a similar case, the court found that 20 hours spent on two complaints was unreasonable where the complaints consisted of "largely [] boilerplate language." *Elec. Priv. Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 238 (D.D.C. 2011). Accordingly, the Court will reduce the 28.9 hours spent on the complaint by 50%. *See id.*; *Mitchell v. Sec'y of Com.*, No. 82-cv-3020, 1992 WL 10509, at *3 (D.D.C. Jan. 10, 1992) (finding 8 hours spent on drafting a "cursory" complaint unreasonable); *cf. Kelsey v. District of Columbia,* 219 F. Supp. 3d 197, 207 (D.D.C. 2016) (approving a 50% reduction of time drafting complaint to "appropriately account[] for the necessity of some portion of that time" where plaintiff did not prevail on the entirety of the complaint).

Additionally, the attorneys' work on the supplemental expert report was "unnecessary work." *Merrick v. District of Columbia*, 134 F. Supp. 3d 328, 337 (D.D.C. 2015). The hearing officer determined that the expert report was neither helpful nor what the officer had asked for. *See* Final Determination at 3–4 (declining to consider the report). Thus, this was an "unnecessary use of funds and one the Court will not recompense." *Coffey v. Bureau of Land Mgmt.*, 316 F. Supp. 3d 168, 172 (D.D.C. 2018) (refusing to reimburse expert fees where expert's opinion was unnecessary). Accordingly, the Court will deduct the below time entries from the total award.

| Date | Hours | Rate | Description |
|------|-------|------|-------------|
| *Stephenson Harvey* | | | |
| 9/8/22 | 0.25 | $656.00 | Review Respondent's objection to supplemental expert report. |
| 9/4/22 | 0.8 | $656.00 | Review supplemental expert report. |
| *Keith Howard* | | | |
| 9/7/22 | 0.3 | $675.00 | Review Respondent's Objection to Petitioner's Supplemental Expert Report on Compensatory Education Plan |
| 9/5/22 | 0.1 | $675.00 | Provided Tribunal copy of supplemental expert report on compensatory services |
| 9/4/22 | 0.9 | $675.00 | Read and reviewed supplemental report from expert witness Rachel Reder |

Time Entries at 2, 35.

"[S]ound billing judgment requires that legal matters are 'appropriately staffed to do the work required efficiently and without duplicative billing.'" *Petties v. District of Columbia*, No. 95-cv-148, 2009 WL 8663462, at *9 (D.D.C. Oct. 20, 2009) (quoting *Blackman v. District of Columbia*, 397 F. Supp. 2d. 12, 14 (D.D.C. 2005)). "While some general oversight, collaboration, and communication among attorneys" is appropriate, duplicity of work such as "multiple attorneys attending hearings and conferences" or "working on the same legal issue" is not. *Blackman*, 56 F. Supp. 3d at 29.

Plaintiff fails to justify why a third counsel, Carla Fassbender, was necessary. *See* Pl.'s Reply & Opp. Defs.' Mot. ("Pl.'s Reply") 19–20, ECF No. 13; *cf. Petties*, 2009 WL 8663462, at *9 (finding no overstaffing where plaintiffs' counsel submitted declarations outlining how the firm divided tasks to avoid duplicative work). Fassbender attended the due process hearing and performed additional billable work. *See* Pl.'s Reply at 20. Plaintiff elected to "practice[] appropriate billing judgment" by only requesting reimbursement for Fassbender's time at the hearing. *See* Pl.'s Reply at 20. But Fassbender's attendance at the hearing appears to have been unnecessary. The hearing officer told Fassbender, "I feel like you're being left out here" and, "you

should have examined someone so [] you'd have a chance to be noted more." Defs.' Mot., Transcript of Hearing (July 27, 2022) ("Hearing Tr. Day 2") 83, 111, Ex. 3, ECF No. 12-5. "[W]here three attorneys are present at a hearing when one would suffice, compensation should be denied for the excess time." *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc). Without detailed time entries to support the other work conducted by Fassbender, the Court will not award fees based on her unnecessary attendance at the due process hearing. *See id.*

Next, Plaintiff concedes that clerical work was erroneously billed at an attorney's rate rather than a paralegal's rate. *See* Pl.'s Reply at 18–19. However, tasks that "are clerical in nature . . . cannot be included in attorney's fees." *Jackson v. District of Columbia*, 603 F. Supp. 2d 92, 98 (D.D.C. 2009) (citing *Michigan v. EPA*, 254 F.3d at 1095–96). Rather, clerical services are "considered part of normal administrative overhead." *Michigan v. EPA*, 254 F.3d at 1095. Accordingly, the Court will deduct the below time entries from the overall award.

| Attorney | Hours | Rate | Description |
|----------|-------|------|-------------|
| *Stephenson Harvey* | | | |
| 7/24/22 | 7 | $656.00 | Prepare Trial Notebooks for Witnesses |
| 3/2/22 | 0.8 | $656.00 | Research Registered Agent for Service of Process, Principal for Friendship PCS-Elementary and Middle Schools. Emailed copies of DPC for service. |

Time Entries at 4, 9.

Finally, Plaintiff concedes that the 11.4 hours spent on the unsuccessful Motion for Independent Educational Evaluations and the 0.3 hours spent at the resolution meeting are not eligible for reimbursement. *See* Pl.'s Reply at 18–19; Time Entries at 8, 26–27.

b.      Protracting the Litigation

A reduction in fees is permissible where a party "unreasonably protracted the final resolution of the controversy." 20 U.S.C. § 1415(i)(3)(F)(i). A plaintiff does not unreasonably

protract litigation by rejecting a proposed settlement that "offer[s] neither all the relief that Plaintiff sought, nor all the relief that Plaintiff eventually obtained." *Briggs v. District of Columbia*, 73 F. Supp. 3d 59, 63 n.3 (D.D.C. 2014). FPCS's highest settlement proposal to Plaintiff included 500 hours of compensatory education and $30,000 in attorney fees. *See* Mem. Supp. Defs.' Mot. at 19. The hearing officer awarded Plaintiff 675 hours in compensatory education services. *See* Final Determination at 906. This 175-hour delta more than justifies Plaintiff's refusal of the settlement offer and decision to pursue a hearing. *See Briggs*, 73 F. Supp. 3d at 63 n.3.

2.    *Requested Rate*

In determining whether an attorney's hourly rate is reasonable, a court examines "(1) 'the attorney['s] billing practices,' (2) 'the attorney's skill, experience, and reputation' and (3) 'the prevailing market rates in the relevant community.'" *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015) (quoting *Covington*, 57 F.3d at 1107). The first element can be satisfied by showing "the rate an attorney 'customarily charges clients.'" *Schiff v. District of Columbia*, No. 18-cv-1382, 2021 WL 4059469, at *2 (D.D.C. Sept. 7, 2021) (quoting *Jones v. District of Columbia*, No. 15-cv-1505, 2019 WL 652349, at *5 (D.D.C. Feb. 15, 2019)). The second element can be demonstrated by evidence of the "attorney's expertise in IDEA cases such as the number of cases litigated, engagement with the community, and the duration of the attorney's career." *Schiff*, 2021 WL 4059469, at *2 (citing *Jones*, 2019 WL 652349, at *6). To satisfy the third element, a fee applicant may demonstrate prevailing market rates either by showing that IDEA litigation qualifies for treatment under an established rate matrix or by providing evidence of the fees charged and received by IDEA litigators in the community. *See Reed*, 843 F.3d at 521.

### a.  Attorney's Billing Practices

"[A]n attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *U.F.*, 2020 WL 4673418, at *5 (quoting *Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993)). An attorney may prove her customary billing rate by affidavit. *Id.* Both of Plaintiff's attorneys provided affidavits declaring that the rates they billed in this matter were in line with their customary billing practices and that those rates are in line with prevailing community norms. *See* Pl.'s Mot., Decl. of Stephenson F. Harvey, Jr., Esq. ("Harvey Declaration") ¶¶ 18–19, 21–25, Ex. 5, ECF No. 11-7; Aff. of Pl.'s Counsel Keith Howard ("Howard Affidavit") ¶¶ 12, 16, 20, 26–27, Ex. 6, ECF No. 11-8. These affidavits sufficiently establish that the attorneys' billing rates were reasonable. *See Covington*, 57 F.3d at 1103.

### b.  Attorney's Skill, Reputation, and Experience

Attorneys' affidavits can also serve to demonstrate their skills, reputation, and experience. *See U.F.*, 2020 WL 4673418, at *5. Both Mr. Harvey and Mr. Howard provide affidavits attesting to their skill, reputation, and experience. *See* Harvey Declaration ¶¶ 4–16; Howard Affidavit ¶¶ 2–11. Mr. Harvey has practiced law for over seventeen years and has provided three declarations from other attorneys attesting to his skill. *See* Harvey Declaration ¶ 4; Pl.'s Mot., Decls. of Carolyn W. Houck, Esq., Kimm H. Massey, Esq., & Nigel Atwell, Esq. ("Declarations") 6, 12, 17, Ex. 9, ECF No. 11-11. Mr. Howard has over eighteen years of experience in special education law and provides three additional declarations from attorneys attesting to his skill. *See* Howard Affidavit ¶ 11; Declarations at 23, 28, 32. Thus, Mr. Harvey and Mr. Howard show themselves to be highly experienced attorneys.

For highly experienced attorneys, a 2:1 ratio is appropriate for comparing the reasonableness of hearing preparation time with the length of the actual hearing. *See E.C. v. Philadelphia Sch. Dist.*, 644 F. App'x 154, 155–56 (3d Cir. 2016). The hearing here lasted 20 hours (two and a half days). *See* Defs.' Mot., Transcript of Hearing (July 26, 2022) ("Hearing Tr. Day 1") 2, 178, Ex. 2, ECF No. 12-4 (7.5 hours from 9:35 A.M. to 4:53 P.M.); Hearing Tr. Day 2 at 2, 112 (4.5 hours from 9:01 A.M. to 1:37 P.M.); Defs.' Mot., Transcript of Hearing (July 28, 2022) ("Hearing Tr. Day 3") 2, 107, Ex. 4, ECF No. 12-6 (8 hours from 9:04 A.M. to 5:01 P.M.). Thus, 118.7 hours spent on hearing preparation was excessive. *See* Def's Mot. at 16; *E.C.*, 644 F. App'x at 155–56. Accordingly, the Court will reduce time entries spent on hearing preparation to 40 hours total.

### c.     Prevailing Market Rate

The prevailing market rate can be demonstrated by providing evidence of an applicable fee matrix or typical IDEA rates in the community. *See Reed*, 843 F.3d at 521.

### i.     Fitzpatrick Matrix

Historically, determining an appropriate fee matrix for awarding attorney's fees under the IDEA has proved difficult. *See, e.g.*, *Schiff*, 2021 WL 4059469, at *2–3 (discussing the development of the USAO *Laffey* Matrix, LSI *Laffey* Matrix, and USAO Matrix); *J.T.*, 2023 WL 355940, at *15 (bemoaning the "morass of dueling Circuit authority" on the subject). But there is a new hope: the Fitzpatrick Matrix. *See id.* at *16. "[T]he Fitzpatrick Matrix offers a superior measure of the prevailing market rate for complex federal litigation in the District as compared to the LSI *Laffey* Matrix." *Id.* at *32. The parties agree. *See* Mem. Supp. Pl.'s Mot. 4, 13, ECF No. 11-1, 13; Defs.' Answer 1, ECF No. 5. However, the parties disagree as to whether the Fitzpatrick

Matrix rates should be discounted based on the lack of complexity of this litigation. *See* Mem.

Supp. Pl.'s Mot. at 11–12; Mem. Supp. Defs.' Mot. at 7.

ii.     Complex Litigation

Only complex litigation receives full Fitzpatrick Matrix rates. *See J.T.*, 2023 WL 355940,

at \*28. IDEA litigation is not presumptively complex. *See DL v. District of Columbia*, 924 F.3d

585, 594 (D.C. Cir. 2019). Indeed, the D.C. Circuit has "set a high bar" for IDEA plaintiffs "to

prove IDEA litigation is sufficiently complex" to merit full fee matrix rates. *Harris v. Friendship*

*Pub. Charter Sch.*, No. 18-cv-396, 2019 WL 954814, at \*5 (D.D.C. Feb. 27, 2019); *see Reed*, 843

F.3d at 525. There is little guidance for plaintiffs on how to demonstrate that IDEA cases constitute

"complex federal litigation." *Reed*, 843 F.3d at 526. But one thing is certain: "[m]ere conclusory

statements that IDEA litigation is 'as complex' as other types of cases deemed by this court to be

'complex federal litigation,' absent an explanation of *why* this is so, cannot suffice." *Id.* at 525.

The Court knows of only one IDEA case in this Circuit where a court applied the

Fitzpatrick Matrix: *J.T. v. District of Columbia*. 2023 WL 355940.[2] The *J.T.* court applied 100%

---

[2] The Court is aware of six other cases in this Circuit that have applied the Fitzpatrick Matrix. *See Naumes v. Dep't of the Army*, No. 21-cv-1670, 2023 WL 4350786, at \*6 (D.D.C. July 5, 2023) (awarding full Fitzpatrick rates in a FOIA proceeding where the defendant did not object to the rate sought); *Brackett v. Mayorkas*, No. 17-cv-988, 2023 WL 5094872, at \*2 (D.D.C. Aug. 9, 2023) (awarding full Fitzpatrick rates in an employment discrimination proceeding where the defendant conceded complexity); *Louise Trauma Ctr. LLC v. U.S. Dep't of Homeland Sec.*, No. 20-cv-1128, 2023 WL 3478479, at \*4–5 (D.D.C. May 16, 2023) (awarding 80% of Fitzpatrick rates in a FOIA proceeding that was not "especially complex"); *Vollmann v. Dep't of Justice*, No. 12-cv-939, 2022 WL 1124814, at \*7 (D.D.C. Apr. 14, 2022) (awarding full Fitzpatrick rates in a FOIA proceeding where the parties did not contest complexity); *Elec. Priv. Info. Ctr. v. Internal Revenue Serv.*, No. 18-cv-902, 2023 WL 4892712, at \*15 (D.D.C. June 2, 2023) (awarding full Fitzpatrick rates in a FOIA proceeding where the defendant did not contest complexity); *WP Co. LLC v. Dep't of Homeland Sec.*, No. 20-cv-1487, 2023 WL 1778196, at \*4 (D.D.C. Feb. 6, 2023) (awarding full Fitzpatrick rates in a FOIA proceeding where the defendant did not contest complexity).

of Fitzpatrick rates; however, the defendant had conceded that the proceedings were complex. *Id.* at *28–29.

Previously, a "vast number of district court cases" awarded IDEA fees at 75% of *Laffey* matrix rates under "[t]he notion that a rate equivalent to 75% of *Laffey* rates approximates the prevailing market rate for IDEA administrative proceedings." *Reed*, 134 F. Supp. 3d at 131. An IDEA case that is not "particularly complex" provides "no reason to depart from the majority" of IDEA cases that have found 75% of applicable rates to be reasonable. *Taylor v. District of Columbia*, 205 F. Supp. 3d 75, 83 (D.D.C. 2016).

Plaintiff relies on *Salazar ex rel. Salazar* to argue that "IDEA litigation, by its nature, is complex litigation." Mem. Supp. Pl.'s Mot. at 12 (citing 809 F.3d 58 (D.C. Cir. 2015)). However, *Salazar* is a Medicaid case, not an IDEA one. *See* 809 F.3d at 61. Indeed, the court in *Salazar* noted that "in the particular context of IDEA claims, there is a submarket in which attorneys' hourly fees are generally lower" than *Laffey* matrix rates. *Id.* at 64. Proving complexity requires apples to apples, not IDEA to Medicaid. *See Harris*, 2019 WL 954814 at *4.

Plaintiff also proffers declarations from IDEA litigators stating that IDEA litigation is generally complex. *See* Declarations at 11, 21–22, 27. These declarations argue for categorical complexity in IDEA litigation without further justification. *See id.* This position is both legally incorrect and factually insufficient. *See Reed*, 843 F.3d at 525 (refusing to find that IDEA litigation is complex on the basis of six declarations from IDEA attorneys attesting to its complexity). Because Plaintiff has not met the burden of demonstrating complexity, 75% of the Fitzpatrick Matrix rates is appropriate.

3.      *Reduction of Overall Award*

It is "within a court's discretion to reduce the overall fee award to reflect th[e] degree of success, regardless of whether the total number of hours expended was reasonable." *Brown v. District of Columbia*, 80 F. Supp. 3d 90, 98 (D.D.C. 2015) (internal citation omitted).

Plaintiff sought relief for FPCS's failures over the course of five school years. *See* Final Determination at 899. The hearing officer determined that FPCS only failed in its responsibilities during four of those years. *See id.* at 900. This difference can sustain a reduced award. *See, e.g.*, *B.R. ex rel. Rempson v. District of Columbia*, 802 F. Supp. 2d 153, 164–65 (D.D.C. 2011) (reducing award by 50% because of plaintiff's success on claim regarding one school year, but failure on another). Plaintiff's lack of complete success is also evidenced by the rejection of Plaintiff's experts' proposal of compensatory education awards totaling thousands of hours. *See* Hearing Tr. Day 1 at 161 (proposing 3,905 hours). Instead, the hearing officer awarded only 675 hours. *See* Final Determination at 906. Because Plaintiff "received less than all of the relief she sought, reducing her fee award is justifiable." *Joaquin*, 188 F. Supp. 3d at 9.

However, Plaintiff's claims are based on "interrelated facts" and therefore an award reduction cannot be made on "a claim-by-claim basis." *Id.* at 11. In such cases, the court should "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours that counsel reasonably expended on the litigation." *Id.* (internal citation omitted). Here, a 10% reduction fairly represents the significance of the overall relief in relation to the hours reasonably expended. Courts have applied a 10% reduction in similar cases. *See, e.g.*, *Burks v. District of Columbia*, No. 18-cv-2726, 2019 WL 2189488, at *9–10 (D.D.C. Apr. 16, 2019) (reducing award by 10% where plaintiff "succeeded on most of the substance of her claims"); *Taylor v. District of Columbia*, 187 F. Supp. 3d 46, 56 (D.D.C. 2016) (reducing award by 10% where "plaintiff

prevailed on the most significant aspects of her claims but her relief was limited in comparison to the proceeding as a whole"); *Brown*, 80 F. Supp. 3d at 101 (reducing award by 10% where "Plaintiff prevailed on the most important aspects of his claims").

      B.    Expert Fees

      Courts have wide discretion to deny expert fees that are not "reasonable and based on prevailing rates." *Lloyd ex rel. M.L. v. Ingenuity Prep Pub. Charter Sch.*, No. 18-cv-801, 2020 WL 6822681, at *2 (D.D.C. Nov. 20, 2020); *see* D.C. Code § 38-2571.03(7)(B). More than a "thin record" such as a resume alone is required to establish the reasonableness of expert fees. *J.T.*, 2023 WL 2716687, at *2. Reasonableness may be inferred where experts charge the same fees as those that they earn from paying clients, as "[t]here is no better indication of what the market will bear than what the [expert] in fact charges for his services and what his clients pay." *Pryor v. District of Columbia*, No. 18-cv-920, 2018 WL 4782322, at *10 (D.D.C. Sept. 18, 2018) (internal citation omitted).

      Plaintiff requests $6,000 for the use of four different experts.[3] *See* Pl.'s Reply at 23. Plaintiff provides the experts' reports and invoices. *See* Pl.'s Mot., Rachel Reder, Special Education Report, Ex. 7, ECF No. 11-9; Pl.'s Mot., Final Report of Jennifer Holmes for K.M., Ex. 8, ECF No. 11-10; Pl.'s Mot., Dori B. Cook, Education Consultation Summary, Ex. 10, ECF No. 11-12; Pl.'s Mot., Invoices 12–14, Ex. 11, ECF No. 11-13. Plaintiff states that the expert fees requested are reasonable "[b]ecause of the complexity of the matter, including the number of years the Student was denied a FAPE, the extensive expert reports, and lengthy due process hearing." Mem. Supp. Pl.'s Mot. at 14. However, Plaintiff offers insufficient evidence as to what the

---

[3] Plaintiff originally requested $8,765.01 in expert fees, but later amended the request to the statutory cap of $6,000. *See* Mem. Supp. Pl.'s Mot. at 14; Pl.'s Reply at 23; D.C. Code § 38-2571.03(7)(B).

prevailing rates are and insufficient analysis as to how the expert fees are reasonable in comparison to such rates. Plaintiff merely states that three of the experts charged rates "lower than rates in the District of Columbia" because they hail from North Carolina, and that the fees are generally "consistent and in line with the rates typically charged in the District of Columbia." Pl.'s Reply at 23. Such generic statements are inadequate because they have "little bearing on establishing rates prevailing in the community." *Hunter v. District of Columbia*, No. 18-cv-813, 2018 WL 6620112, at *8 (D.D.C. Oct. 9, 2018) (internal quotation marks omitted). Because Plaintiff has not presented "any evidence concerning rates prevailing in the community for her experts—as is her burden"— no expert fees shall be granted. *Id.* (cleaned up).

Separately, it appears that Plaintiff's four expert witnesses were unhelpful. This provides an independent basis for rejecting the request for expert fees. *See Rodriquez v. Farmers Ins. Co. of Ariz.*, 649 F. App'x 620, 620 (9th Cir. 2016) (affirming denial of expert fees where plaintiff provided no evidence that experts were "crucial or indispensable"). Here, the hearing officer stated that the experts used "methodology [] disapproved by the D.C. Circuit" and did not provide "the information needed to craft an appropriate compensatory education award." Interim Determination at 802. The court is not persuaded that it should reimburse Plaintiff for costs of putting on evidence that "help[ed the hearing officer] not at all" because it was "not the right evidence," thus "leav[ing the officer] in a bind." Hearing Tr. Day 3 at 90.

C.     Expenses

Courts traditionally reimburse claims for costs such as copying and filing fees. *See, e.g.*, *Holbrook*, 305 F. Supp. 2d at 46 (granting copying, faxing, and postage fees); *Fisher v. Friendship Pub. Charter Sch.*, 880 F. Supp. 2d 149, 156 (D.D.C. 2012) (granting filing fee). FPCS does not

challenge Plaintiff's request for $530.87[4] in expenses. *See* Mem. Supp. Pl.'s Mot. at 14. Accordingly, the undersigned finds this request reasonable.

       D.     <u>Post-Judgment Interest</u>

"Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *see Brown*, 80 F. Supp. 3d at 102; *Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 28 (D.D.C. 2004); *Holbrook*, 305 F. Supp. 2d at 48. "Post-judgment interest is appropriate when a district court enters a judgment awarding reasonable attorney's fees under IDEA." *Kaseman*, 329 F. Supp. 2d at 28. Defendants' assertion that post-judgment interest is reserved for those cases in which a school district has a poor payment history is incorrect. *See* Defs.' Mot. at 21–22. Although this court has emphasized parties' "poor payment track record[s]" in the course of approving post-judgment interest, a poor track record is not prerequisite to the award. *B.J. v. District of Columbia*, No. 19-cv-2163, 2020 WL 8512639, at *5 (D.D.C. Nov. 9, 2020) (quoting *U.F.*, 2020 WL 4673418, at *9). Plaintiff has requested that interest begin accruing after 30 days, a length of time the Court agrees is reasonable. *See Kaseman*, 329 F. Supp. 2d at 29 (ordering that post-judgment begin accruing after 31 days).

## IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that:

1.    Plaintiff's Motion for Attorneys' Fees and Costs is **GRANTED IN PART** and **DENIED IN PART**;

2.    Defendants' Cross-Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**;

---

[4] The $530.87 request comprises a filing fee of $402, *see* Pl.'s Mot., Invoices 2, Ex. 11, ECF No. 11-13, and copying and printing expenses, *see* Time Entries at 10, 33–34.

3.      Defendants pay the following fees and costs totaling $93,919.69:[5] $46,521.86 to Plaintiff's attorney Stephenson Harvey; $46,866.96 to Plaintiff's attorney Keith Howard, and $530.87 in expenses.

4.      Post-judgment interest shall accrue after 30 days at the rate specified in 28 U.S.C. § 1961.


**SO ORDERED.**


Date: December 18, 2023

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court's calculation leading to the total fees and costs owed is set forth in Appendix A.

APPENDIX A

| Total Amount Requested | $ 249,354.40 |
|---|---|
| Stephenson Harvey Attorney's Fees | $ 112,966.70 |
| Keith Howard Attorney's Fees | $ 127,092.30 |
| Expert fees | $ 8,765.01 |
| Expenses | $ 530.87[6] |
| **Deductions** | |
| Hours spent drafting complaint (50% deduction) | -$ 4,395.20 (*Harvey*)<br>-$ 4,395.60 (*Howard*) |
| Hours spent on supplemental expert report (full deduction) | -$ 688.80 (*Harvey*)<br>-$ 877.50 (*Howard*) |
| Attorney Fassbender (full deduction) | -$ 8,647.80 (*Howard*) |
| Clerical work (full deduction) | - $5,116.80 (*Harvey*) |
| Conceded time entries (full deduction) | -$ 4,526.40 (*Harvey*)<br>-$ 3,240 (*Howard*) |
| Hours spent preparing for hearing (reduction from 118.7 to 40 hours, split equitably between attorneys[7]) | -$ 20,703.07 (*Harvey*)<br>-$ 31,819.80 (*Howard*) |
| *Total with Time Entry Reductions* | $ 77,536.43 (*Harvey*)<br>$ 78,111.60 (*Howard*) |
| *Total with 75% of Fitzpatrick Matrix rates applied* | $ 58,152.32 (*Harvey*)<br>$ 58,583.70 (*Howard*) |
| *Total with 20% Overall Reduction applied*<br>(10% for vague time entries + 10% for limited success) | $ 46,521.86 (*Harvey*)<br>$ 46,866.96 (*Howard*) |
| Expert fees (full deduction) | -$ 8,765.01 |
| **TOTAL** | **$ 46,521.86 (*Harvey*)**<br>**$ 46,866.96 (*Howard*)**<br>**$ 530.87 (expenses)**<br>**$ 93,919.69** |

*See* Time Entries at 2, 4, 8–10, 13, 18–20, 26–27, 29, 31–35.

---

[6] There is a $0.26 discrepancy between the amounts claimed and supporting documentation which this analysis ignores as *de minimis*.

[7] The Court calculates this reduction equitably between the attorneys by reducing both attorneys' hours to 33.7% (40 hours ÷ 118.7 hours) of the total shown in the table found at Defs.' Opp. 14–15. This equates to a 31.56 hour reduction for Mr. Harvey at $656/hour and a 47.14 hour reduction for Mr. Howard at $675/hour.